■ Whether the Deputy Commissioner will draw such inferences and make such findings we cannot know. Nor can we determine in advance whether the record as heard by him will or will not sustain them or contrary inferences which he might also draw. But since, on the evidence below, such inferences could be drawn, they would, if so drawn, make the case one for the exclusive application of the Longshoremen's Act. They would likewise exclude the Louisiana Act.

■ The result is that the District Court went too far in determining either as a matter of law or fact that the Louisiana Act did not apply because the Longshoremen's Act necessarily did. That part of the District Court's judgment must be vacated and the matter remanded. Since the plaintiffs were compelled under the prescription provisions of the Louisiana Compensation Act to bring the alternative claim within one year,[23] a federal court having apparent jurisdiction of that claim as a diversity suit has ample discretion to keep the matter alive pending final resolution of the troublesome questions of fact and law which inhere in the Jensen riddle. No harm will be done since the Employer candidly recognizes that the case is one for recovery of compensation death benefits under one of the two compensation acts.

Accordingly, the judgment as to Claims (1), (2) and (3) is affirmed and as to Claim (4) for compensation under the

Louisiana Act, the judgment is vacated and the cause remanded for further and other consistent proceedings.

Affirmed in part and vacated in part and remanded.

John W. WHITTY, Appellant,

v.

CITY OF NEW ORLEANS, Appellee.

No. 18059.

United States Court of Appeals
Fifth Circuit.

March 29, 1960.

Howard W. Lenfant, Andry & Andry, Lenfant & Villere, New Orleans, La., for appellant.

David H. MacHauer, Asst. City Atty., Alvin J. Liska, City Atty., New Orleans, La., for appellee.

Jacob H. Morrison, New Orleans, La., for intervenor.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

Caldaro v. Baltimore & Ohio R. Co., D.C. E.D.N.Y.1956, 166 F.Supp. 833; West v. Erie R. Co., D.C.S.D.N.Y.1958, 163 F. Supp. 879. This should not be surprising since injuries sustained upon a drydock or a marine railway are covered. Maryland Casualty Co. v. Lawson, 5 Cir., 101 F.2d 732; Avondale Marine Ways v. Henderson, 5 Cir., 1953, 201 F.2d 437, affirmed 346 U.S. 366, 74 S.Ct. 100, 98 L.Ed. 77.

22. See Lowe v. Central R. Co., 3 Cir., 1940, 113 F.2d 413, 415, 1940 A.M.C. 1446, where comparable factual circumstances were held to have justified the Deputy

Commissioner's inference that deceased had "fallen into the water from one of the floats rather than from the pier"; see also Schulz v. Pennsylvania R. Co., 1956, 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668, 1956, A.M.C. 737; Butler v. Whiteman, 1959, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed. 2d 754, 1959 A.M.C. 2566, reversing Harris v. Whiteman, 5 Cir., 243 F.2d 563; and Braen v. Phiffer Oil Transportation Co., Inc., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191, involving aspects of unwitnessed or unexplained drownings, etc.

23. 16 LSA–R.S. 23:1209.

PER CURIAM.

It appearing that the appellant has ceased to have any property right in the subject of this litigation, by reason whereof the cause has become moot, it is therefore

Ordered that the appeal be dismissed.

**Frank MATEY, Plaintiff,**

v.

**Mell G. UNDERWOOD, Judge, United States District Court, Southern District of Ohio, Respondent.**

**Undocketed.**

United States Court of Appeals
Sixth Circuit.

March 11, 1960.

Frank Matey, pro se.

Before MILLER, CECIL and WEICK, Circuit Judges.

Frank Matey, an inmate of the Ohio State Penitentiary, has filed a petition in this court against the respondent, Mell G. Underwood, Judge of the United States District Court, for the Southern District of Ohio, for a peremptory writ of mandamus.

Upon consideration of the petition the Court finds from the record attached to and made a part of the petition that the respondent on the 25th day of November, 1959 denied the petitioner's application for a writ of habeas corpus; that said application was denied as a matter of law for the reason that the petitioner's allegations of fact failed to support his claim of constitutional violations; that said petitioner attempted to file an original application for a writ of habeas corpus in this court which was denied for want of jurisdiction, on December 10, 1959; that thereafter the petitioner filed a notice of appeal together with a petition for leave to file a petition for habeas corpus in forma pauperis and a petition for writ of habeas corpus in this court; that these papers were returned to the petitioner by the Clerk for the reason that this Court cannot entertain a notice of appeal filed directly in this Court; that the respondent by order under date of January 22, 1960 denied the petitioner's application for leave to proceed in forma pauperis for the reason that the contemplated appeal was frivolous and without merit, and overruled the petitioner's motion for a certificate of probable cause for the reason that there was no substantial ground for appeal; that according to the allegations of the petition, the petitioner seeks to require the respondent to show cause why the original petition for a writ of habeas corpus was denied.

Upon these findings, the Court concludes that the petitioner seeks a review of the action of the respondent as a District Judge in denying his original application for a writ of habeas corpus. An order to show cause will not be issued on a petition for a peremptory writ of mandamus as a substitute for an appeal. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Bankers Life